1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   RAYMOND ANTHONY LEWIS,          )   Case No. CIV. F-03-6775-OWW-P
                                     )
10              Petitioner,          )   <u>DEATH</u> <u>PENALTY</u> <u>CASE</u>
                                     )
11        vs.                        )
                                     )   Order Regarding Exhaustion,
12   ROBERT J. AYERS*, Acting Warden )   Holding Federal Action in
     of San Quentin State Prison,    )   Abeyance During Pendency of
13                                   )   State Exhaustion Proceedings,
                Respondent.          )   and Establishing Procedure for
14   _____)   Filing Amended Petition

15

16        Petitioner Raymond Anthony Lewis ("Lewis") filed his petition for

17   writ of habeas corpus, under 28 U.S.C. § 2254, February 4, 2005.  Lewis

18   notified this Court that concurrent with his federal filing he filed a habeas

19   petition with the state court presenting unexhausted claims.  Counsel for

20   Lewis and for Respondent Robert J. Ayers ("the State") filed a joint

21   statement regarding the exhaustion status of Lewis's federal petition on

22   February 25, and subsequently filed briefing regarding the claims where

23   the exhaustion status was disputed.

24        Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"),

25   _____

26   * Robert J. Ayers is substituted for his predecessor as Acting Warden of San
     Quentin State Prison, pursuant to Federal Rule of Civil Procedure 25(d).

1   state prisoners must exhaust all available state remedies before a federal

2   court may grant them habeas relief.  28 U.S.C. § 2254(b)(1)(A); *see also*

3   *O'Sullivan v. Boerckel,* 526 U.S. 838, 839 (1999).  To satisfy the exhaustion

4   requirement of § 2254, habeas petitioners must "fairly presen[t] federal

5   claims to the state courts in order to give the State the opportunity to pass

6   upon and to correct alleged violations of its prisoners' federal rights."

7   *Duncan v. Henry,* 513 U.S. 364, 365 (1995).  Fair presentation of a federal

8   claim in state court requires reference to both the operative facts and

9   federal legal theory, such as a specific provision of the federal constitution

10  or citation to federal or state cases involving the legal standard for a federal

11  constitutional violation.  *Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir.

12  2005) (citing *Duncan v. Henry*; *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th

13  Cir. 2003)).  However, general appeals to broad constitutional guarantees,

14  such as due process, are not sufficient to present the substance of such a

15  claim to the state court, *Gray v. Netherland*, 518 U.S. 152, 163 (1996), and an

16  argument that is essentially one of state law does not alert a state court to

17  the federal nature of a claim.  *Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir.

18  1996).

19  **Claims Disputed as Partially Unexhausted**

20  Claim 1

21          The State contends Claim 1, that witness Pridgon was incompetent,

22  did not present a violation of due process rights under the Fifth

23  Amendment, but only asserted rights under the Fourteenth Amendment.

24  Lewis contends that his opening brief on direct appeal did explicitly invoke

25  the Fifth Amendment.  AOB, Vol. II, Arg. 1, p. 7 & 8.  Lewis further argues

26  that his federal right to due process can be derived from either the Fifth or

Fourteenth Amendments and that the state and federal claims are essentially identical in substance.

The State contends that Lewis's repeated assertion that "a comparison of the state and federal claims demonstrates that they are essentially identical in substance," is insufficient for exhaustion. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (state courts must be alerted to the fact that prisoners are asserting claims under the United States Constitution, mere similarity of claims is insufficient); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) (essentially the same operative facts and legal theory is not enough, federal claim must be explicit); *see also Castillo v. McFadden*, 370 F.3d 882, 886 (9th Cir. 2004), *as amended* 399 F.3d 993.

The State also disputes Lewis's assertion that, although the federal due process right can be derived from either the Fifth or Fourteenth Amendment, the express invocation of the Fourteenth Amendment due process guarantee presented both the Fifth and Fourteenth Amendment due process claims. The State contends that although "due process of law" means the same thing in both the Fifth and Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment has an independent potency in exacting from the states the observance of basic liberties, precisely as does the Due Process Clause of the Fifth Amendment in relation to the Federal Government. *Adamson v. California*, 332 U.S. 46, 66 (1947) (Frankfurter, J., concurring), *criticized on other grounds by Malloy v. Hogan*, 378 U.S. 1, 11 (1964).

In his Opening Brief on Direct Appeal in the California Supreme Court, Lewis contended that the competency of a witness impacts the fairness of a trial as guaranteed by the Fifth and Fourteenth Amendments.

1  *See* Appellant's Opening Brief ("AOB"), Vol. II, Arg. 1, p. 7.  Lewis further

2  argued that Pridgon's mental condition and retardation rendered him

3  unable to meet the minimal requirements for a competent witness, and his

4  testimony deprived Lewis of his state and federal constitutional rights to

5  due process.  *Id.* at p. 8.  Because Lewis explicitly raised a federal due

6  process claim in state court, he exhausted his available state remedies

7  under the Fifth Amendment.

8  Claim 2

9      The State contends Claim 2, that the trial court should have found

10  Pridgon incompetent to testify and instructed the jury to disregard his

11  testimony or granted a new trial, did not present violations under the Fifth,

12  Sixth, Eighth and Fourteenth Amendments.  Lewis argues that his direct

13  appeal raised issues under the Sixth, Eighth and Fourteenth Amendments.

14  AOB, Vol. III, Arg. 2, p. 11.  The State asserts that the rights under the

15  disputed Amendments were not raised in the context of his challenge to

16  the new trial motion on the sufficiency of the evidence.

17      In his opening brief on direct appeal, Lewis alleged a violation of due

18  process and cited to federal cases.  AOB, Vol. III, Arg. 2, p. 10-11 (stating

19  that allowing the jury to consider and rely upon Pridgon's testimony

20  "undermined the reliability required by the Eighth and Fourteenth

21  Amendments" and "also violated [Petitioner's] Sixth and Fourteenth

22  Amendment rights of confrontation.").  Lewis also explicitly presented the

23  Eighth and Fourteenth Amendment claims of unreliability and the Sixth

24  and Fourteenth Amendment claims of violation of right to confrontation.

25  *Id.* at p. 11.  The lack of instruction and denial of new trial claims were not

26  presented as alternatives, but as errors arising at different times during

1  trial based on the underlying issue of Pridgon's competency.  The Sixth,

2  Eighth and Fourteenth Amendments were raised in his alternative claim

3  that the trial court should have instructed the jury to disregard Pridgon's

4  testimony because it was unreliable.  Lewis has exhausted his state

5  remedies.

6  Claim 5

7       The State contends Claim 5, that the trial court failed to instruct on

8  Lewis' theory of defense, did not present violations under the Fourth and

9  Fifth Amendments and has no factual basis for the Fourth Amendment

10  claim.  Lewis admits the reference to the Fourth Amendment is a

11  typographical error, but argues his direct appeal alleged a denial of due

12  process, which implicates both the Fifth and Fourteenth Amendments.

13  AOB, Vol. III, Arg. 5, p. 63.  The State contends, as above, that the mere

14  assertion of the violation of a due process right is insufficient to alert the

15  state court of a Fifth Amendment right.  *See Gray v. Netherland*, 518 U.S.

16  152, 162-63 (1996) (general appeals to broad constitutional principals are

17  insufficient to establish exhaustion); *see also Castillo v. McFadden*, 370 F.3d at

18  886; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

19       The parties agree the Fourth Amendment allegation is not applicable

20  to Claim 5.   On direct appeal, Lewis argued the uncorroborated

21  accomplice testimony violated due process by undermining his right not to

22  be convicted except upon evidence establishing guilt beyond a reasonable

23  doubt, citing *In re Winship*, 397 U.S. 358 (1970).  AOB, Vol. III, Arg. 5, p. 63.

24  This argument is sufficient to have presented the federal aspect of this

25  claim to the state court.  Lewis has exhausted his state remedies as to the

26  Fifth Amendment.

1  Claim 7

2      The State contends Claim 7, that the exclusion of impeachment

3  evidence violated his right to confrontation and a fair trial, did not present

4  a violation of rights under the Fifth Amendment.  Lewis argues he

5  explicitly invoked the Fourteenth Amendment, and as above, concomitant

6  rights under the Fifth Amendment are incorporated via the Fourteenth

7  Amendment, and that a comparison of the state and federal claims

8  demonstrates they are essentially identical in substance.  AOB, Vol. III,

9  Arg. 7, p. 85.  Lewis further asserts, regarding the exclusion of critical

10  impeachment evidence violating his confrontation and fair trial rights, that

11  a similar claim was raised on direct appeal, AOB, Vol. III, Arg. 7, p. 75-83 &

12  85-86.  The State contends, as above, that Lewis's argument did not fairly

13  alert the state court that he was asserting a Fifth Amendment claim.

14      Lewis's argument on direct appeal, and the federal cases he cited

15  there, reference a violation of the Confrontation Clause under the Sixth

16  Amendment, not Due Process under the Fifth Amendment.  Lewis has not

17  presented a claim under the Fifth Amendment to the state court for

18  Claim 7.

19  Claim 10

20      The State contends Claim 10, that the trial court's refusal to strike the

21  robbery conviction and special circumstance violated his constitutional

22  rights, did not present violations under the Fifth, Sixth, Eighth and

23  Fourteenth Amendments.  Lewis argues his direct appeal invoked due

24  process, AOB Vol. III, Arg. 2, p. 10-11 & 22, the Sixth, Eighth and

25  Fourteenth Amendments, *id.* at p. 11, and the Eighth Amendment, *id.*, Arg.

26  8, p. 92-93.  Lewis further argues that this claim attacked the robbery

conviction, since the special circumstance was based solely on that conviction.  The State admits that the robbery conviction was the underlying basis for the special circumstance finding, and as such merely noted the technical aberration that Lewis only attacked the special circumstance.  The State contends that Lewis attempts to rely on the invocation of due process, and the Sixth, Eighth and Fourteenth Amendment in the context of completely separate arguments to assert exhaustion, and that those arguments[1] failed to give the state court fair notice that the same rights were being asserted in Argument 8, 64 pages later.  The State contends that although Argument 2 did reference Argument 8 in a footnote, it was insufficient to alert the state court that the federal constitutional arguments from Argument 2 were to be incorporated into Argument 8.

Lewis's argument on direct appeal raised violations of the Sixth and Eighth Amendments.  AOB Vol. III, Arg. 8, p. 92-93.  The argument did not fairly present violations under the Fifth and Fourteenth Amendment, and reference to this claim in a footnote of a prior claim is not sufficient to incorporate the federal allegations into Argument 8.

Claim 11

The State contends Claim 11, that the trial court's erroneous excusal of a potential juror violated *Witt/Witherspoon*, did not present violations under the Fifth and Eighth Amendments.  Lewis argues that both these amendments are incorporated via the Fourteenth Amendment, and the state and federal claims are essentially identical.  *See* AOB, Vol. IV, Arg. 9,

---

[1] Vol. III, Arg. 2, subh. A at p. 2 (The Trial Court Should Have Instructed The Jury To Disregard Pridgon's Testimony), and *id*. subh. B at p. 12 (The Motion for New Trial Should Have Been Granted).

pp. 1-11.  The State maintains, as above, that Lewis's argument failed to fairly alert the state court he was asserting Fifth and Eighth Amendment claims.

Errors made during the death qualification of potential jurors implicate rights under the Sixth Amendment, which are the same as rights under the California constitution.  Lewis referenced federal cases in his direct appeal which cited his right to an impartial jury drawn from a representative cross-section of the community, but made no mention of his rights under the Fifth or Eighth Amendments.  AOB, Vol. IV, Arg. 9, pp. 1-4.

Claim 12

The State contends Claim 12, that prejudicial juror misconduct during penalty deliberations violated his rights to a fair and unbiased jury, did not present violations under the First and Fifth Amendments.  Lewis argues, as above, that the Fifth Amendment is invoked via the Fourteenth Amendment, and that the argument that the foreman's religious references "effectively invoked a higher or other law than that on which the jury was instructed," raised the substance of a First Amendment claim.  AOB, Vol. V, Arg. 14, p. 15.  The State, as above, maintains the invocation of the Fourteenth Amendment does not automatically invoke the Fifth Amendment.  The State asserts that the argument about the foreman's religious references, which was followed by citation to a state court case, did not fairly present the First Amendment claim.

Lewis's reference to the foreman's alleged religious references does not adequately present a federal claim under the First Amendment.  Similarly, the reference to his right to a fair, impartial jury does not include

1  rights under the Fifth Amendment.  AOB, Vol. V, Arg. 14, p. 4.

2  Claim 13

3       The State contends Claim 13, that the trial court's refusal to instruct

4  the jury that it could exercise mercy violated his rights to a fair and reliable

5  penalty determination, did not present violations under the Fifth, Sixth and

6  Fourteenth Amendments.  Lewis argues that his direct appeal claimed a

7  deprivation of the "'personal, individualized judgment' of each juror,"

8  which he claims raised the general guarantees of a fair trial under the Fifth,

9  Sixth and Fourteenth Amendments.  See AOB, Vol. V, Arg. 16, pp. 21-26.

10  The State argues, similarly to the arguments above, that the invocation of

11  the right to individualized sentencing determination does not correlate

12  with due process or the basic elements of a fair trial, and does not fairly

13  present claims under the Fifth, Sixth and Fourteenth Amendment.

14       Lewis referenced on direct appeal the constitutional requirement of

15  an "individualized determination" by the jury, and cited to *Zant v.*

16  *Stephens*, 462 U.S. 862, 879 (1993), both of which emanate from the Eighth

17  Amendment's prohibition against cruel and unusual punishment.  Lewis

18  made no reference, nor cited to any cases, involving rights under the Fifth,

19  Sixth or Fourteenth Amendments.

20  Claim 17

21       The State contends Claim 17, that trial counsel was ineffective for

22  failing to object to Lewis's alleged confession to causing A.Z. Roger's

23  death, did not present the claim that counsel was ineffective for failing to

24  object to the voluntariness of the alleged confession.  Lewis asserts the

25  State's argument is based on a misreading of the federal claim, which only

26  argues that counsel's ineffective assistance was prejudicial because the

confession was involuntary under *Miranda*. *See* AOB, Vol. IV, Arg. 11-13, pp. 31-60; State Petition for a Writ of Habeas Corpus ("State Petition"), Vol. II, Eighth, Ninth and Tenth Claims, pp. 83-99, and Federal Petition, ¶¶ 407-409, pp. 103-04.  The State contends that Lewis's opening paragraph for this claim is confusing and could be read to assert that trial counsel was ineffective for failing to object that the circumstances of his confession showed it to be involuntary, and to that extent the claim is unexhausted. The State also contends Lewis  asserted that trial counsel failed to investigate his background and failed to provide that information to mental health experts, as support for the claim that his confession was involuntary.  The State argues to the extent those circumstances are asserted as part of his ineffective assistance of counsel claim, the claim is unexhausted.

Lewis's argument on direct appeal urged that the circumstances of the confession (Lewis's relative youth, his inexperience with criminal justice system, his lack of knowledge of terms in waiver, and the length of time between the *Miranda* warning and his confession) rendered it involuntary.  *See* AOB, Vol. IV, Args. 11-13, pp. 31-60.  Lewis raised the ineffectiveness of counsel regarding the alleged confession in his state habeas petition, and referenced the direct appeal claim that the confession was not voluntary.  *See* State Petition, Vol. II, Eighth Claim, pp. 83-87.  This claim has been fairly presented to the state court.

Claim 21

The State contends Claim 21, challenging the constitutionality of California's death penalty statute, did not present subclaims C (unbounded discretion of prosecutors whether to seek death) and J (trial court's failure

to instruct that various sentencing factors are solely mitigating), did not present intracase proportionality or that lack of proportionality review prevents consideration of mitigation in subclaim E, did not assert error in court's failure to declare evidence of unadjudicated criminal activity insufficient in subclaim H, and did not present unreliability of sentence under Eighth and Fourteenth Amendments in subclaim I (restrictive adjectives render the factors vague, jury consideration of vague factors resulted in unreliable sentence).

Lewis argues that subclaim C is the substantial equivalent of claims raised on direct appeal and state habeas, AOB, Vol. V, Arg. 17, p. 28-30; PHC, Vol. II, Sixteenth Claim, p. 128, and that further exhaustion is futile as this claim has been frequently rejected by the California Supreme Court. The State disagrees that Lewis's reference that nearly 84 percent of first degree murderers were death eligible (the argument cited above) is the "substantial equivalent" of the claim that California prosecutors have unbounded discretion to determine whether to seek the death penalty.  The State asserts that Lewis challenged the ability of prosecutors to rely on contrary circumstances in seeking the death penalty, which is a separate claim.  The State also disagrees with Lewis's futility argument, asserting that the United States Supreme Court has criticized futility as an excuse for failing to exhaust.  *Engle v. Isaac*, 456 U.S. 107, 130 (1982); *Bousley v. United States*, 523 U.S. 614, 623 (1998).  The State furthers argues that excusing exhaustion for futility threatens the deference standard under the AEDPA, because the State loses the opportunity to obtain a merits adjudication, without which the deference afforded by the AEDPA is also lost.

Lewis fails to cite to any claim presented to the state which asserts

the California death penalty statute is unconstitutional because of the unbounded discretion of prosecutors in making charging decisions. Subclaim C has not been fairly presented to the state courts.  Since other unexhausted claims will require presentation to the state, this claim can easily be included, and no purpose would be served to excuse exhaustion as futile.

Lewis asserts the substantial equivalent of the intracase proportionality claim was made on direct appeal, and this claim also has been consistently rejected by the California Supreme Court.  AOB, Vol. V, Arg. 16, p. 19-20.  The State contends that Lewis's argument that his death sentence was no longer proportional to his culpability, especially in light of his express invocation of "intercase" proportionality review, is not sufficient to present the federal claim to the state court.  Further, the State asserts that Lewis's argument on direct appeal concerned his culpability relative to his criminal history, where his federal claim asserts his culpability vis-a-vis another alleged participant.  The State maintains the futility argument should be rejected for the reasons stated above.

Lewis presented a claim of "individual" culpability on direct appeal, which is more analogous to intercase proportionality than to intracase proportionality (i.e., my actions and background do not justify death and my actions and background are not as bad as others sentenced to death, as compared with my actions were not as bad as my co-participant's actions). Further, the cases cited by Lewis on direct appeal involved claims of intercase proportionality, except for *People v. Marshall*, 50 Cal. 3d 907,938 (1990), which differentiated between the three types of proportionality. Subclaim E, asserting a lack of intracase proportionality or that lack of

1   proportionality review prevents consideration of mitigation, was not fairly

2   presented to the state court.  Since other unexhausted claims will require

3   presentation to the state, this claim can easily be included, and no purpose

4   would be served to excuse exhaustion as futile.

5       Lewis argues subclaim H was presented on direct appeal, AOB, Vol.

6   V, Arg. 17, p. 46-47, and the state and federal claims are essentially

7   identical in substance, as shown by the addition in the federal petition of

8   only a single concluding sentence to what was argued on direct appeal.

9   The State asserts, as before, that presenting essentially the same operative

10  facts and legal theory in state court is not sufficient, the federal claim must

11  be explicit.  The State contends that the additional sentence added to the

12  federal petition was where the federal claim was asserted, so the claim is

13  unexhausted.

14      Lewis did present to the state court the claim that the use of

15  unadjudicated criminal activity at sentencing is unconstitutional.  He did

16  not present the claim that the trial court erred by failing to declare this

17  evidence insufficient.  This portion of subclaim H is unexhausted.

18      Lewis asserts a corresponding claim to subclaim I was presented on

19  direct appeal.  AOB, Vol. V, Arg. 17, p. 47.  Again, Lewis contends the state

20  and federal claims are essentially identical in substance, and the addition

21  in the federal petition of only a single concluding sentence to what was

22  argued on direct appeal does not change the nature of the claim.  The State

23  asserts, as above, that the federal claim must be explicit, and the additional

24  sentence added to the federal petition was where the federal claim was

25  asserted, so the claim is unexhausted.

26      Lewis did present to the state court the claim that restrictive

1   adjectives in California Penal Code § 190.3 (d) and (g) were barriers to

2   consideration of mitigation.  He did not present the claim that these

3   adjectives rendered the factors vague, nor that consideration of vague

4   factors by the jury resulted in an unreliable sentence.  This portion of

5   subclaim I is unexhausted.

6       Lewis asserts that subclaim J was argued on direct appeal which

7   explicitly invoked the Eighth and Fourteenth Amendments, AOB, Vol. V,

8   Arg. 17, p. 47-49, and that a comparison of the state and federal claims

9   demonstrates they are essentially identical in substance and rely on the

10  same facts and constitutional principals.  The State argues that although

11  Lewis claimed trial court error in failing to inform the jury that certain

12  sentencing factors were solely mitigating under state law, which rendered

13  his sentence unreliable, inconsistent, and capricious, he did not assert those

14  claims in the context of the Eighth and Fourteenth Amendments, nor did

15  he assert a violation of due process under the Fourteenth Amendment.

16  The State contends the manner of Lewis's arguments did not fairly alert the

17  state court he was asserting those federal constitutional claims.

18      In his direct appeal, Lewis cites to federal cases addressing similar

19  challenges to the reliability of capital sentencing and the vagueness of

20  sentencing factors, based on the Eighth and Fourteenth Amendments.

21  Lewis did not present the claim that the trial court's failure to identify

22  certain factors as solely mitigating violated due process.  This portion of

23  subclaim J is unexhausted.

24  /////

25

26

**Claims Disputed as Completely Unexhausted**

<u>Claim 8</u>

The State asserts Claim 8, that the admission of prejudicial hearsay evidence violated his rights to confrontation and a fair trial, is fully unexhausted because the challenge on appeal went to the exclusion of impeachment evidence, not the admission of hearsay evidence. Lewis asserts Claim 8 was presented on direct appeal, AOB, Vol. III, Arg. 7E, p. 84-86, which invoked his confrontation rights, and the Fifth Amendment through the equivalent Fourteenth Amendment due process rights. The State maintains, as above, that invoking Fourteenth Amendment due process rights does not fairly alert the state court of a Fifth Amendment claim.

Lewis's direct appeal argued that the testimony of a District Attorney Investigator relating the statement of Lewis's former girlfriend, was inadmissible hearsay. Lewis did not argue that evidence violated his right to confrontation  The Sixth, Eighth and Fourteenth Amendments were raised in his alternative claim that the trial court should have instructed the jury to disregard Pridgon's testimony because it was unreliable. *See* AOB, Vol. III, Arg. 7, p. 85. Lewis has not presented a claim under the Due Process Clause of the Fifth Amendment, or under the Confrontation Clause of the Sixth Amendment, to the state court for Claim 8.

<u>Claim 19</u>

The State asserts Claim 19, that the cumulative effect of penalty phase errors and omissions by trial counsel constitutes an independent violation of the right to effective counsel, is fully unexhausted, and although cumulative error analysis has been endorsed by the Ninth

1   Circuit, the United States Supreme Court has not endorsed such an

2   approach.  The State argues that since there is no such holding by the

3   United States Supreme Court, finding cumulative error would establish a

4   new rule in violation of *Teague v. Lane*, 489 U.S. 288, 307-10 (1989).  Lewis

5   asserts the practically identical argument to Claim 19 was made on state

6   habeas.  PHC, Vol. II, ¶¶ 108-115, pp. 116-122.  Lewis contends that a

7   cumulative error is a cognizable claim on habeas corpus.  *See Boyde v.*

8   *Brown*, 404 F.3d 1159 (9th Cir. 2005), *Cooper v. Fitzharris*, 586 F.2d  1325,

9   1333 (9th Cir. 1978) (en banc), *Wiggins v. Smith*, 539 U.S. 510, 536 (2003) and

10  *Harris v. Wood*, 64 F.3d 1432, 1438-39 (9th Cir. 1995).  The State disputes

11  that *Wiggins* requires review of the cumulative effect of ineffectiveness

12  error, but instead asserts that the totality of evidence from both trial and

13  habeas proceedings, not just state-law evidentiary findings, must be

14  assessed to determine whether a different sentence was reasonably

15  probable.

16      The State's first assertion that this claim is unexhausted is

17  contradicted by Lewis's state habeas petition, which asserted cumulative

18  error from counsel's performance at penalty.  *See* PHC, Vol. II, ¶¶ 108-115,

19  pp. 116-122.

20      The State's second assertion is that the theory underlying the

21  cumulative error claim would be a new rule under *Teague v. Lane*, 489 U.S.

22  288 (1989).  The Supreme Court has established a three-step process to

23  determine whether a constitutional rule of criminal procedure[2] applies to a

24  _____

25      [2] "A rule is substantive rather than procedural if it alters the range of
    conduct or the class of persons that the law punishes.  In contrast, rules that
26  regulate only the *manner of determining* the defendant's culpability are
    procedural." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) (internal citations
    omitted).

1    case on collateral review.  *Beard v. Banks,* 542 U.S. 406, 411 (2004).

2        First, the court must determine when the defendant's
     conviction became final.  Second, it must ascertain the legal
3    landscape as it then existed, and ask whether the Constitution,
     as interpreted by the precedent then existing, compels the rule.
4    That is, the court must decide whether the rule is actually new.
     Finally, if the rule is new, the court must consider whether it
5    falls within either of the two exceptions to nonretroactivity.

6    *Id.* (Internal quotations and citations omitted).

7        The United States Supreme Court denied Lewis's petition for

8    certiorari on his direct appeal April 22, 2002.  Lewis's state habeas petition

9    was denied by the California Supreme Court October 15, 2003.

10       The case law in effect at the time Lewis's conviction became final,

11   which is controlling precedent for this Court, held that individual

12   deficiencies of trial counsel's representation which do not by themselves

13   meet the *Strickland* standard may constitute sufficient prejudice when

14   considered cumulatively.  *See Harris v. Wood*, 64 F.3d 1432, 1438-39 (9th Cir.

15   1995) (holding that the cumulative impact of multiple deficiencies in

16   defense counsel's performance prejudiced the defendant in a capital trial);

17   *Mak v. Blodgett*, 970 F.2d 611, 622 (9th Cir. 1992) ("We do not need to decide

18   whether these deficiencies alone meet the prejudice standard because other

19   significant errors occurred that, considered cumulatively, compel

20   affirmance of the district court's grant of habeas corpus as to the sentence

21   of death.").  Claim 19 is exhausted and is not based on a new rule under

22   *Teague*.

23   Claim 22

24       The State asserts Claim 22, that the unreasonable delay between

25   sentencing and execution violates the Eighth and Fourteenth Amendments,

26   is fully unexhausted, and as noted above, to find cumulative error would

1   establish a new rule in violation of *Teague*.  Lewis asserts that although he

2   did not raise Claim 22, this type of claim has been repeatedly denied by the

3   California Supreme Court, and further exhaustion would be futile.  Lewis

4   contends that since a habeas court is duty bound to consider a cumulative

5   error claim *sua sponte*, exhaustion is not required, and that exhaustion

6   would be futile since the California Supreme Court has not made the

7   prerequisite findings, that is, any individual error, for consideration of a

8   cumulative error claim.  The State maintains, as above, that the futility

9   excuse to lack of exhaustion should be rejected.  Further, the State argues

10   that Lewis's failure to present this claim is troubling in light of his pending

11   second state habeas petition, which asserts the State has not been

12   prejudiced by Lewis's failure to present those claims at an earlier time.  The

13   State contends that Lewis has deprived the state court of the first

14   opportunity to rule on his federal claim while promoting piecemeal

15   presentation of issues which caused protracted litigation, serving to further

16   add to the delay.

17          Lewis has admitted that Claim 22 was not fairly presented to the

18   state court.  Since other unexhausted claims will require presentation to the

19   state, this claim can easily be included, and no purpose would be served to

20   excuse exhaustion as futile.  As determined above, a claim of cumulative

21   error does not violate *Teague* in this case.

22   <u>Claim 23</u>

23          The State asserts Claim 23, that cumulative error in the guilt and

24   penalty phases require the death sentence to be vacated, is fully

25   unexhausted.  Lewis also contends that exhaustion of Claim 23 would be

26   futile since a substantially similar claim is pending before the California

1   Supreme Court in his second state habeas petition.  The State maintains, as

2   above, that the futility excuse should be rejected.  Further, the State

3   contends that the similar claim pending before the state court in Lewis's

4   second state habeas petition does not include claims presented in the

5   federal petition, so the state court's cumulative error analysis cannot

6   encompass all the alleged errors asserts here.

7        Substantially similar claims are not sufficient to satisfy the

8   exhaustion requirement.  *Duncan v. Henry*, 513 U.S. 364 (1995).  Further,

9   since other unexhausted claims will require presentation to the state, Claim

10  23 can easily be included, and no purpose would be served to excuse

11  exhaustion as futile.

12  **Conclusion**

13       1.    The parties agree the Fourth Amendment is not applicable to

14             Claim 5, and the Fourth Amendment portion of the claim is

15             dismissed.

16       2.    Claims 22 and 23 were not presented to the state courts and are

17             unexhausted.

18   The following claims are partially unexhausted:

19       3.    Claim 7 did not fairly present a violation of the Fifth

20             Amendement Due Process Clause;

21       4.    Claim 8 did not fairly present violations of the Fifth

22             Amendement Due Process Clause and of the Sixth Amendment

23             Confrontation Clause;

24       5.    Claim 10 did not fairly present violations of the Fifth and the

25             Fourteenth Amendement Due Process Clauses;

26       6.    Claim 11 did not fairly present violations of the Fifth

1    Amendement Due Process Clause and of the Eighth

2    Amendment right to a reliable penalty determination;

3    7.    Claim 12 did not fairly present violations of the First

4    Amendment Establishment Clause and the Fifth Amendement

5    Due Process Clause;

6    8.    Claim 13 did not fairly present violations of the Fifth and the

7    Fourteenth Amendment Due Process Clauses;

8    9.    Claim 21, subclaims C, and E, did not fairly present violations

9    of the Eighth Amendment;

10   10.   Claim 21, subclaim H did not present the claim that the trial

11   court erred by failing to declare unadjudicated criminal activity

12   insufficient to present to the jury in aggravation;

13   11.   Claim 21, subclaim I did not fairly present a violation of the

14   Eighth Amendment; and

15   12.   Claim 21, subclaim J did not present the claim that the trial

16   court's failure to identify certain sentencing factors as solely

17   mitigating violated Due Process under the Fourteenth

18   Amendment.

19   **Stay and Abeyance**

20       The State contends that Lewis's mixed petition must be dismissed, or

21   that the unexhausted claims be withdrawn.  Lewis argues that in *Rhines v.*

22   *Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the United

23   States Supreme Court affirmed the appropriateness of the stay and

24   abeyance procedure, and clarified that the temporary withdrawal of

25   unexhausted claims is unnecessary.  Further, Lewis asserts the ruling in

26   *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005),

1   demonstrated that his decision to proceed in federal court was justified by

2   good cause since the question of whether or not his second state petition is

3   timely, and thus properly filed so as to statutorily toll the AEDPA's one

4   year statute of limitations, will not be known until the California Supreme

5   Court issues a ruling in that proceeding. *See id.*, 544 U.S. at 416-17.

6        The State contends that *Rhines* held stay and abeyance was

7   appropriate only if there was good cause for a petitioner's failure to

8   exhaust his claims. 544 U.S. at 277. The State argues Lewis has failed to

9   establish good cause, especially since he did not include any of these

10  unexhausted claims in his pending second state habeas petition, and so has

11  deprived the state court of ruling on those claims in conjunction with any

12  ruling on whether his second state petition was properly filed. The State

13  urges that stay and abeyance is inappropriate and Lewis's petition should

14  be dismissed, or alternatively be allowed to withdraw the unexhausted

15  claims and proceed on the exhausted claims.

16       The State urges that if stay and abeyance is found appropriate, the

17  discretion in structuring a stay is limited by the timeliness concerns in the

18  AEDPA, so reasonable time limits should be placed on Lewis's trip to state

19  court. The State reserves the right to object to any new claims Lewis might

20  seek to add post-state exhaustion as untimely under the one-year statute of

21  limitations.

22       Stay and abeyance is appropriate for Lewis's federal petition. His

23  first state petition was presumptively timely, and his second state petition

24  was filed within the one-year statute of limitations. California's Policies

25  Regarding Cases Arising from Judgments of Death states that a petition

26  filed after the specified time limits may establish the "absence of

1   substantial delay if it alleges with specificity facts showing the petition was

2   filed within a reasonable time after petitioner or counsel (a) knew, or

3   should have known, of facts supporting a claim and (b) became aware, or

4   should have become aware, of the legal basis for the claim."  Policy 3,

5   section 1-1.2.  The California Supreme Court may find Lewis's second, or

6   even third, state petition to be filed without substantial delay.

7         The statute of limitations under the AEDPA does not require that

8   claims be bifurcated, and as stated in *Rhines*, the court has the discretion to

9   hold a petition in abeyance pending the exhaustion of state remedies.

10  There is no undue prejudice to the State from complying with the law in

11  existence at time Lewis's federal petition was filed.  The claims determined

12  above to be unexhausted must promptly be presented to the state court

13  and pursued diligently, or be withdrawn.

14        Good cause appearing, Lewis's federal petition and all related

15  proceedings are held in abeyance pending exhaustion of his state remedies

16  before the California Supreme Court, subject to the following exceptions:

17        A)    Lewis, through his counsel, shall file quarterly status reports

18              advising the Court of the progress of the state proceedings on

19              exhaustion and shall immediately inform the Court of any

20              determination by the California Supreme Court;

21        B)    Lewis's counsel is authorized to maintain contact with his

22              client; and

23        C)    Lewis's counsel is authorized to draft and prepare a proposed

24              amended federal petition which incorporates all previously

25              exhausted and newly exhausted claims.  Other than these three

26              discrete tasks, no legal work will be approved or reimbursed

1   for Lewis's federal case during abeyance.

2   Further good cause appearing, Lewis shall, during the pendency of

3   state exhaustion proceedings, lodge with this Court a proposed amended

4   federal petition encompassing all previously and newly exhausted federal

5   claims.  In the event the California Supreme Court denies relief of Lewis's

6   unexhausted claims, this Court will deem the lodged petition filed nunc

7   pro tunc on the date of the state court denial.

8

9   DATED: October 10, 2006

10   /s/ OLIVER W. WANGER
        OLIVER W. WANGER
11   Senior United States District Judge