1
2
3
4
5
6          UNITED STATES DISTRICT COURT

7          EASTERN DISTRICT OF CALIFORNIA

8

9  RAYMOND ANTHONY LEWIS                    )   Case No. 1:03-cv-06775 OWW
                                            )
10              Petitioner,                 )   <u>DEATH</u> <u>PENALTY</u> <u>CASE</u>
        vs.                                 )
11                                          )   ORDER DENYING PETITIONER'S
   MICHAEL MARTEL, as Acting Warden of San  )   MOTION TO STRIKE, SUPPLEMENT OR
12 Quentin State Prison,*                    )   AMEND RESPONDENT'S ANSWER
                                            )   AND ESTABLISHING A BRIEFING
13              Respondent.                 )   SCHEDULE
   _____ )
14                                              DATE:        April 11, 2011
                                                TIME:        12:30 p.m.
15                                              COURTROOM THREE

16         This matter came on for hearing April 11, 2011 at 12:30 p.m. to consider the motion of Petitioner

17 Raymond Anthony Lewis ("Lewis") to strike, supplement, or amend the answer of Respondent Michael

18 Martel, as Acting Warden of San Quentin State Prison (the "Warden") in the above entitled Court, the

19 Honorable Oliver W. Wanger, presiding.  Lewis was represented by Assistant Federal Defenders Joseph

20 Schlesinger and Joan Fisher, who appeared in person.   The Warden was represented by Deputy

21 Attorneys General Jeffrey Firestone and Ward Campbell, who appeared telephonically.

22 **I.      Background**

23         Lewis lodged his proposed amended federal petition on February 20, 2008 during the pendency

24 of state exhaustion proceedings.  The California Supreme Court denied all relief on Lewis's pending

25 state petitions on July 21, 2010.  By operation of a previous order filed October 12, 2006, the proposed

26 amended petition was deemed filed on July 21, 2010.  That petition is the operative petition in this case

27 ("Petition").  A stipulated order entered November 10, 2010 established that all claims in the Petition

28

are exhausted and the Petition is timely under 28 U.S.C. § 2244(d)(1).  The Warden agreed and was directed to file his answer to the Petition by January 31, 2011 in conformity with Rule 5 of the Rules Governing § 2254 Cases (the "§ 2254 Rules").  The answer, like the Petition was to be filed without accompanying points and authorities.  On January 31, 2011, the Warden timely filed his answer ("Answer").

## II.     Summary of the Pleadings

The Petition is a 216-page document consisting of 23 claims for relief (some with sub-parts). The claims and sub-claims are preceded by 24 pages of detailed allegations about jurisdiction, procedural history, basic allegations to be incorporated into every claim, a statement about the need to conduct further investigation, advance request to amend or supplement the Petition, if necessary, a statement of the facts relative to the guilt phase, and a statement of the facts relative to the penalty phase. Each claim additionally recites detailed and comprehensive facts pertinent to the legal contentions asserted as well as citation to the federal authority giving rise to the legal contentions.

The Answer is a 64-page document setting out a summary of the charges for which Lewis was convicted, an admission of Lewis's jurisdictional allegations, a general denial of Lewis's preliminary factual allegations, a recitation of the case summary taken from the California Supreme Court direct appeal decision, a lengthy explanation of federal law governing state procedural bars, an explanation of the *Teague* (non-retroactivity) bar, and allegations specific to the specific claims.  Those claim-specific allegations fall into two categories: 1) developed arguments about procedural defenses; and 2) one-sentence general denials to each claim on the merits stating, "Respondent denies Lewis is entitled to federal habeas relief on any of the grounds presented in Claim X."

## III.    Legal Standard

Both parties rely on the same authorities for their respective positions about the adequacy of the Warden's Answer; that is,  Rule 5(b) and  *Williams v. Calderon*, 52 F.3d 1465 (9th Cir. 1995).

In its entirety, Rule 5(b) provides: "The Answer must address the allegations in the petition.  In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."

The entire text of *Williams v. Calderon* relative to the present issue follows:

Williams challenges the adequacy of respondent Calderon's answer to his habeas petition, contending that because that answer failed to comply with Rule 5 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, the answer should be stricken and this case returned to the district court for the filing of a new answer.  We disagree with both Williams' premise and his conclusion.

When an answer to a petition is ordered pursuant to Rule 4, Rule 5 requires "[t]he answer [to] respond to the allegations of the petition."  The purpose of the answer is to frame the issues in dispute, as well as to ferret out unmeritorious petitions.  *See* Advisory Committee Notes to Rule 5.  Neither Rule 5, nor the Advisory Notes, nor subsequent case law set out any further restrictions on the form of the answer, unlike Federal Rules of Civil Procedure 8(b) and 8(d), which require fact-by-fact responses.

Nothing about Calderon's answer violated Rule 5.  The answer responded to the petition on the merits, laying out the state's alternative view of the facts and the law.  Nothing in Rule 5 prohibits the form used to frame the legal and factual issues.  Moreover, to the extent that the answer failed to adequately frame the issues for the district court, any harm became irrelevant once the district court issued a final decision.  If Williams has a grievance, it must be with that decision, not the filings that preceded it.

52 F.3d at 1483.

## IV.    Lewis's Argument

Lewis's primary contention is that the one-sentence general denial the Warden asserts as to the merits of each claim fails to frame the issues or lay out the state's alternative view of the facts and law to give him (Lewis) a starting point for proceeding with the litigation.  By generally denying Lewis's preliminary factual allegations and then reciting the California Supreme Court case summary, the Warden "implies the existence of some sort of dispute," but fails to identify how Lewis's factual allegations are in conflict with the California court case summary.  Lewis anticipated (and believes the Court expected) the answer would assist in narrowing and focusing the areas of factual disagreement.

Lewis also points out that the Warden's one-sentence general denials run afoul of Rule 11(b) of the Federal Rules of Civil Procedure.  Under that provision the Warden must certify "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that] (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on the belief or a lack of information."

Next Lewis points out that in the return to the state habeas petition, the Warden did allege his contrary view of the facts, and that in answer to corresponding claims in this federal action, all factual material has been omitted.  By this motion, Lewis seeks to require the Warden to state his position as to *why* he contends Lewis is not entitled to relief.  Lewis does not seek to require the Warden to provide

1  points and authorities.  The long and the short of Lewis's argument is that the Warden's current Answer

2  fails to inform Lewis what facts alleged in the Petition the Warden genuinely contests.

3       During oral argument, Lewis additionally asserted that his request for a more definite statement

4  pertains specifically to substantive affirmative defenses being asserted by the Warden.   Citing

5  *Harrington v. Richter*, 131 S. Ct. 770 (2011), Lewis emphasized the importance of having the Warden

6  identify the reasons the summary denials of the California Supreme Court to his (Lewis's) three state

7  petitions are reasonable under 28 U.S.C. § 2254(d)(1) and (d)(2).

8  **V.      The Warden's Argument**

9       The Warden presents several arguments to resist Lewis's motion and in support of the adequacy

10  of his Answer.  First he points out that he did expressly deny the preliminary factual allegations in the

11  Petition.  Second, he mentions the fact that he set out his own factual background (drawing on the case

12  summary supplied by the California Supreme Court opinion).  Next, he refers to legal principals in the

13  answer, including the applicability of AEDPA and the procedural defenses.  Finally he recites that he

14  asserts Lewis is not entitled to relief on any of his claims.

15       Relying on *Williams*, 52 F.3d at 1483, he contends that general denials are sufficient under Rule

16  5 of the § 2254 Rules.  He claims Lewis's assertion that he (Lewis) and the Court anticipated the Answer

17  to narrow the areas of factual disagreement and make a commitment to a factual defense is nothing more

18  than conjecture.  Next, he maintains, the general denial to the merits of the Petition does not stand in a

19  vacuum.  Rather, it is layered upon years of litigation and pleadings in state court on direct appeal and

20  state habeas corpus.  The Warden's general denial is his assertion that Lewis is not entitled to relief

21  based on the state record.  Two additional factors about the case management process also inform the

22  Warden's position.  First, the fact that the parties have asked for the opportunity and have now been

23  directed by Court-order to meet and confer to reach an agreement about how to proceed toward fact

24  development, reduces the expectation that the Answer would frame the legal issues.  Second, the fact

25  that Phase III of the litigation, as described in the Fresno Attorney Guide, will address both briefing of

26  the pleadings and motions for further factual development, minimizes the need to do so in the Answer.

27       At oral argument, the Warden further claimed that the Answer lays out both procedural and

28  substantive affirmative defenses, that he should not be required to address grounds for finding the state

1   court summary denial decisions *not* unreasonable under § 2254(d)(1) and (d)(2), because demonstrating

2   (d)(1) and (d)(2) unreasonableness is Lewis's burden, that the summary of the case set out in the

3   California Supreme Court's direct appeal opinion, *People v. Lewis*, 26 Cal. 4th 334, 346-52 (2001), *is*

4   the factual record in the case, and that under the Fresno Attorney Guide, he was anticipating all factual

5   and legal disputes would be explored during Phase III of the litigation, that is the briefing phase.

6   **VI.    Analysis**

7          In entering the November 10, 2010 order on the parties' stipulation, the Court did expect the

8   prospective answer to frame the legal and factual issues. The Answer on file does not do so. At the very

9   least there was an expectation that uncontested facts and guiding legal principles would be admitted.

10  In the absence of any admissions, it must be understood that there are disputes, but here they are not

11  identified. Contrary to the Warden's oral argument, the Answer does not allege substantive defenses.

12         The Answer does not fairly conform with Rule 5(b) of the § 2254 Rules or the holding in

13  *Williams*, 52 F.3d at 1483. While the Warden stated that he would be able to provide this type of

14  information, he believed it would be more appropriate in the briefing. The Court does not concur, but

15  in the spirit of advancing the case into the briefing phase (Phase III) of the litigation, Lewis's motion will

16  be denied and briefing is ordered. At same time, the parties' earlier request to meet and confer to reach

17  an agreement about how to proceed toward fact development will be discarded as likely ineffectual.

18         FOR GOOD CAUSE SHOWN,

19             1.    Lewis's opening brief in support of the Petition shall be filed within 120 days

20                   from the docketing of this order.

21             2.    Should Lewis require more time to complete his opening brief, he may request

22                   an extension of time 30 days in advance of the due date for his brief.

23             3.    The Warden's opposition brief to Petition shall be filed with 90 days from

24                   Lewis's opening brief.

25             4.    Lewis's reply brief shall be filed within 60 days from the filing of the Warden

26                   opposition brief.

27             5.    If Lewis finds obtaining discovery materials is necessary in the preparation of his

28                   briefs, he may file the appropriate request under Rule 6 of the § 2254 Rules so

1    that needed discovery can be conducted and completed during the briefing

2    period.

3    6.    The filing of Lewis's reply brief shall be followed by his motion for further

4    factual development pursuant to Rules 8, 7, and/or 6 of the § 2254 Rules, if any,

5    within 45 days.  (Post-briefing motions for further evidentiary development shall

6    be consistent with the Fresno Attorney Guide, ¶ 63.)

7    7.    The Warden's opposition to Lewis's motion for further factual development shall

8    be filed within 30 days of the motion.

9    8.    Lewis's reply shall be filed within 20 days following the Warden's opposition

10

11

12

13   SO ORDERED.

14

15   Dated:    April 12, 2011

16                                                          /s/ Oliver W. Wanger
                                                          Oliver W. Wanger
17                                                     United States District Judge

18

19

20

21

22

23

24

25

26

27

28